UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION<br><br>**This Document Relates To:**<br>　　Securities Action, 08 Civ. 2793 (RWS) | Master File No:<br><u>08 M.D.L. No. 1963 (RWS)</u><br><br>ECF CASE<br><br><u>Oral Argument Requested</u> |
| JAMES M. CROWE and VALERIE M. CROWE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE & CO., ALAN D. SCHWARTZ, SAMUEL L. MOLINARO, JR., and ALAN C. GREENBERG,<br><br>　　　　Defendants. | No. 09 Civ. 778 (RWS) |
| BRUCE S. SHERMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BEAR STEARNS COMPANIES INC., JAMES CAYNE, WARREN SPECTOR, and DELOITTE & TOUCHE LLP,<br><br>　　　　Defendants. | No. 09 Civ. 8161 (RWS) |

| | |
|---|---|
| VIVINE H. WANG<br><br>   Plaintiff,<br><br> v.<br><br>THE BEAR STEARNS COMPANIES LLC, J.P. MORGAN SECURITIES LLC; J.P. MORGAN CLEARING CORP., DELOITTE & TOUCHE LLP, ALAN D. SCHWARTZ, ALAN C. GREENBERG, JOEY ZHOU and GARRETT BLAND,<br><br>   Defendants. | No. 11 Civ. 5643 (RWS) |
| SRM GLOBAL MASTER FUND LIMITED PARTNERSHIP<br><br>   Plaintiff,<br><br> v.<br><br>THE BEAR STEARNS COMPANIES LLC (F/K/A BEAR STEARNS COMPANIES INC.), ALAN D. SCWARTZ, SAMUEL L. MOLINARO, JR., JAMES CAYNE, WARREN SPECTOR and DELOITTE & TOUCHE LLP,<br><br>   Defendants. | No. 13 Civ. 2692 (RWS) |

**PLAINTIFFS BRUCE S. SHERMAN AND SRM GLOBAL MASTER FUND LIMITED PARTNERSHIP'S MEMORANDUM OF LAW IN OPPOSITION TO <u>DEFENDANTS' MOTION TO QUASH</u>**

**TABLE OF CONTENTS**

Preliminary Statement ........................................................................................................1

I.     Statement of Facts .................................................................................................2

II.    Argument ................................................................................................................4

       A.     The PSLRA's Automatic Stay Applies Only To Cases in Which a
              Motion to Dismiss Has Been Filed and Defendants Cite No Authority
              For Extending the Stay to the Sherman Action Where No Motion to
              Dismiss Has Been Filed.................................................................................4

       B.     The PSLRA Stay Prevents Unnecessary Discovery Expenses in Cases
              Which May Be Dismissed, But Depositions Will Proceed in the Sherman
              Action Regardless of the Motions Pending in Other Actions ................................5

       C.     Application of the PSLRA Stay to All Coordinated Actions Until All
              Pending Motions To Dismiss Are Resolved Would Deny Mr. Sherman
              Discovery.....................................................................................................7

III.   Conclusion ...............................................................................................................9

# **TABLE OF AUTHORITIES**

**Federal Cases**

*In re LaBranche Sec. Litig.*,
    333 F. Supp. 2d 178 (S.D.N.Y. 2004) ................................................................................. 6

*In re Royal Ahold N.V. Sec. & Erisa Litig.*,
    220 F.R.D. 246 (D. Md. 2004) ............................................................................................ 6

*In re Vivendi Universal, S.A. Sec. Litig.*,
    381 F. Supp. 2d 129 (S.D.N.Y. 2003) ................................................................................. 4

*In re WorldCom, Inc. Sec. Litig.*,
    234 F. Supp. 2d 301 (S.D.N.Y. 2002) ................................................................................. 6

*Pension Trust Fund for Operating Engineers v. Assisted Living Concepts, Inc.*,
    No. 12-CV-884, 2013 WL 1878943 (E.D. Wis. 2013) ....................................................... 6

*Podany v. Robertson Stephens, Inc.*,
    350 F. Supp. 2d 375 (S.D.N.Y. 2004) ................................................................................. 4

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ........................................................................................................ 4, 6

**Secondary Sources**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................ 6

Plaintiffs Bruce S. Sherman ("Sherman") and SRM Global Master Fund Limited Partnership ("SRM") respectfully submit this Memorandum of Law in Opposition to the Motion to Quash filed by Defendants The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC), JPMorgan Case & Co., JP Morgan Securities LLC, J.P. Morgan Clearing Corp., Joe Y. Zhou, and Garret Bland.

## PRELIMINARY STATEMENT

Defendants' motion to quash seeks improperly and without authority to prevent discovery by Plaintiff Bruce Sherman whose well-pleaded complaint, as Defendant's counsel knows, is not subject to the PSLRA stay as no motion to dismiss that complaint was filed. There is simply no basis to prevent Mr. Sherman from proceeding with discovery to prosecute his claims for the misconduct of Defendants leading to the collapse of Bear Sterns over five years ago.

Indeed, because there is no authority for the relief Defendants' seek as to Mr. Sherman, they are left to making an internally inconsistent argument. Defendants purport to base their argument on provisions of the Case Management Order that require that (a) any depositions taken in one action are deemed to have been taken in all of the Opt Out actions and (b) that without leave of Court, no witness deposed in an Opt Out Action may be deposed again, either in that Opt Out Action or in any other Opt Out action. (CMO at ¶¶ 6(a)(2), 9.) Despite these clear directives, the only claimed prejudice asserted by Plaintiffs is that the subpoenaed nonparties could be exposed to the risk of additional depositions after the motions are decided. But any concern of such duplication is already expressly addressed by the very provisions of the Case Management Order on which Defendants' argument relies, including by the use of the phrase "either in that Opt Out Action or in any other Opt Out action" (CMO at ¶ 9).

1

There is no basis to stay discovery in Mr. Sherman's action where no motion to dismiss has been filed. The depositions that Liaison Counsel seeks to conduct are discovery that will need to occur regardless of the outcome of the motions to dismiss filed in the SRM and Wang actions. Further delaying proceeding with that necessary discovery will only serve to prejudice Plaintiff Sherman given the CMO's schedule currently requiring completion of discovery by January 21, 2014. For these reasons as set forth in more detail below, Defendants' motion to quash should be denied.

## I.   STATEMENT OF FACTS

The action *Bruce S. Sherman v. Bear Stearns Companies Inc., James Cayne, Warren Spector and Deloitte & Touche LLP* (the "Sherman Action") was filed on September 24, 2009. Defendants answered the Sherman Action complaint on March 28, 2011. Defendants have filed no motion to dismiss the Sherman Action.

The action *SRM Global Master Fund Limited Partnership v. The Bear Stearns Companies LLC (f/k/a Bear Stearns Companies Inc.), Alan D. Schwartz, Samuel L. Molianro Jr., James Cayne Warren Spector and Deloitte & Touche LLP* (the "SRM Action") was filed on April 24, 2013. Defendants filed motions to dismiss the SRM Action complaint on July 2, 2013. The motions to dismiss in the SRM Action have been fully briefed and will be argued before this Court on October 23, 2013.

The action *Vivine H. Wang, v. The Bear Stearns Companies LLC, J.P. Morgan Securities LLC; J.P. Morgan Clearing Corp., Deloitte & Touche LLP, Alan D. Schwartz, Alan C. Greenberg, Joey Zhou, and Garret Bland* (the "Wang Action") was filed on March 29, 2011. Defendants filed motions to dismiss the Wang Action on July 2, 2013. The motions to dismiss in the Wang Action are still being briefed and argument is scheduled for November 20, 2013.

On May 21, 2013, this Court entered a Second Case Management Order and Scheduling Order (Sherman Action Docket No. 56) (the "CMO") based on the parties' agreement.  The CMO established that discovery in all of the Opt Out actions, including the Sherman, SRM, and Wang Actions would be coordinated and appointed Boies, Schiller & Flexner and Korein Tillery (jointly counsel for Plaintiff Sherman and Plaintiff SRM) as Liaison Counsel for the opt out actions.  (*Id.* ¶¶ 1-2, 6(a)(2).)

While the CMO contemplated potential motions to dismiss in some Opt Out actions, including the SRM Action and the Wang Action, no motion was contemplated in the Sherman Action (and none was ever made).  (*Id.* ¶ 10.)  Moreover, despite contemplating motions to dismiss in some actions, the CMO set a schedule for the completion of discovery "in the Opt Out Actions" within eight months of the May 21, 2013 CMO, *i.e.*, by January 21, 2013.

Beginning on September 20, 2013 Liaison Counsel served notices of depositions and subpoenas in the Sherman Action on four former employees of Defendant Bear Stearns.  On October 15, 2013, Defendants moved to quash these subpoenas without having engaged in any meet and confer discussions with Liaison Counsel prior to filing their motion.

Pursuant to the Court's Order of October 22, 2013, (Sherman Action Docket No. 64), oral argument on the instant motion will occur on November 13, 2013.

## II.     ARGUMENT

**A.     The PSLRA's Automatic Stay Applies Only To Cases in Which a Motion to Dismiss Has Been Filed and Defendants Cite No Authority For Extending the Stay to the Sherman Action Where No Motion to Dismiss Has Been Filed.**

By its terms, the discovery stay under the PSLRA applies only to an action in which a motion to dismiss is pending. The PSLRA provides:

> "*In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss*, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

Defendants go well beyond the PSLRA, however, to request that subpoenas issued in the Sherman Action be quashed as a result of the discovery stay under the PSLRA. It is undisputed that there is no motion to dismiss in the Sherman Action and there is no provision in the PSLRA for a stay of discovery in a coordinated federal securities fraud action where there is no motion to dismiss pending. Indeed, Defendants have cited no authority issuing or enforcing a PSLRA stay in federal actions where there is no pending motion to dismiss. Put simply, there is no authority supporting Defendants' attempt to quash the subpoenas issued in the Sherman Action.

The cases that Defendants cite only address the limited recognized exceptions to the application of the automatic stay <u>in actions where a motion to dismiss is filed</u> and the parties seek permission in that action to conduct discovery while that motion remains pending. *See, e.g., In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) ("unless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint."); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (same). These cases, however, have no application where the PSLRA's automatic stay provision does not apply because no motion to dismiss is pending, as is the case in the Sherman Action. This court should decline Defendant's invitation

4

to extend the PSLRA's automatic stay provision beyond its established boundary—*i.e.*, as it applies to parties against whom a motion to dismiss is pending—and deny Defendants' motion to quash the subpoenas.

B.  **The PSLRA Stay Prevents Unnecessary Discovery Expenses in Cases Which May Be Dismissed, But Depositions Will Proceed in the Sherman Action Regardless of the Motions Pending in Other Actions.**

Defendants base their argument on a portion of the CMO designed to promote efficiency in discovery. Specifically, the CMO provides that depositions in any of the opt out action cases are to be taken only once and, thus, that "All depositions conducted in any Opt Out Action shall be deemed to have been conducted in all of the Opt Out Actions without further order of the Court." (CMO at ¶6(a)(2).)

Defendants argue that allowing depositions to proceed in the Sherman Action would amount to an "end run" around the PSLRA's automatic stay provisions, (Mot. to Quash at 2,) because any depositions conducted in the Sherman Action will automatically be deemed to have occurred in all Opt Out actions.

This argument misconstrues the purpose of the CMO. The CMO was intended to promote efficiency by deeming a deposition in one case to have been taken in all cases, thus avoiding duplicative, costly depositions of individual deponents. It does not, however, provide a basis for stifling lawful discovery in one action that is not subject to the PSLRA because a motion to dismiss is pending in another action.

Courts in this district have found that the "fundamental rationale" of the automatic stay under the PSLRA is to prevent unnecessary expense and preserve judicial resources in the face of "fishing expeditions" or "abusive strike suits." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002); *see also In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181

(S.D.N.Y. 2004) (Sweet J.) ("The legislative history of the PSLRA indicates that Congress enacted the discovery stay to prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement."); H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 731.

Thus, the automatic stay under the PSLRA "operates as a check against abusive litigation" by preventing "plaintiffs from asserting *meritless* securities claims." *Pension Trust Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, No. 12-CV-884-JPS, 2013 WL 1878943 at *1 (E.D. Wis. May 3, 2013) (emphasis added). The purpose of the stay is not served by courts applying it to discovery in well pleaded cases with "detailed allegations" that are already "supported by quotations or citations from documentary evidence." *In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004). Congress, by the PSLRA's plain language, chose the "pendency of a motion" to dismiss as its objective indicator of "merit." 15 U.S.C. § 78u-4(b)(3)(B). Thus, the Sherman Action (which does not face such a motion) is not the kind of action in which the PSLRA sought to discourage discovery.

Moreover, the so-called "end run" around the PSLRA stay that Defendants complain about, is in fact entirely consistent with the aims of the PSLRA stay. The purpose of the automatic stay under the PSLRA is to spare defendants discovery expenses which they would otherwise have to bear if discovery proceeded in cases which would eventually be dismissed. However, there is no motion to dismiss pending in the Sherman Action. Thus, the discovery Sherman seeks will go ahead regardless of the Court's resolution of the motions to dismiss in the SRM Action or the Wang Action. Any stay of discovery in the Sherman Action would simply stifle Sherman's lawful discovery, without any savings to Defendants. And, the very clauses of the CMO that Defendants rely on (CMO ¶¶ 6(a)(2), 9) ensures that absent a showing of good

cause there will not be any duplication or re-taking of depositions in the SRM or Wang Actions should the Court (as we expect) deny the motions to dismiss.

Even the month's delay between the October 15, 2013, motion to quash and the November 13, 2013 argument date (assuming the Court rules on the instant motion from the bench or within days of argument) during which depositions noticed in the Sherman Action would otherwise be proceeding will prejudice Plaintiff Sherman's efforts to conduct discovery. Plaintiff Sherman, and Liaison Counsel generally, thus respectfully reserve the right to request additional time to complete discovery due to the delays caused by the motion to quash, even should it be denied.

C.  **Application of the PSLRA Stay to All Coordinated Actions Until All Pending Motions To Dismiss Are Resolved Would Deny Mr. Sherman Discovery.**

By the terms of the CMO, plaintiffs "shall complete all fact discovery, including all fact depositions, by eight months from the date of this order" (CMO at ¶ 12), *i.e.*, by January 21, 2014. Defendants nonetheless assert that the Sherman Action must wait until *all* motions to dismiss filed in two of the Opt Out Actions have been resolved before he may conduct discovery.

As defendants note, motions to dismiss are pending in both the SRM and the Wang Actions: the SRM motion to dismiss will be argued October 23, 2013; the Wang motion to dismiss is scheduled for argument on November 20, 2013. While the Court could conceivably rule expeditiously on both motions to dismiss following the November 20 hearing, Sherman would at that point have a mere two months to complete fact discovery in a complex, fact intensive suit.

7

Realistically, the final disposition of both motions to dismiss will take weeks, if not months. Sherman is all but certain to be left with little, if any time between resolution of both of these motions and the deadline for the close of fact discovery set by this court's CMO.

Should the court determine that the Sherman Action (and, for that matter, the SRM Action) must wait for the resolution of *all* motions to dismiss in *all* consolidated cases before commencing discovery, this court should modify the CMO to extend the deadline for fact discovery in all Opt Out actions by the length of time that passes from the July 2 motions to dismiss through the Court's ruling on the motions to dismiss to allow a full and fair opportunity to conduct discovery.

## III.   CONCLUSION

For the foregoing reasons, Liaison Counsel respectfully requests that this court deny Defendants' motion to quash the subpoenas, or, in the alternative this court should order Defendants to meet and confer with Plaintiffs regarding modification of the CMO deadline for factual discovery.

Dated:  October 22, 2013

        Respectfully submitted,

        BOIES SCHILLER & FLEXNER LLP

By:  /s/ Philip C. Korologos
     Philip C. Korologos
     575 Lexington Avenue
     New York, NY 10022
     Phone: (212) 446-2300
     Fax: (212) 446-2350

Richard B. Drubel
Matthew J. Henken
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, NH 03755
Phone:  (603) 643-9090
Fax:  (603) 643-9010

*Liaison Counsel*

-- and --

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9750
Direct: (312) 641-9760
Fax: (312) 641-9751

Stephen M. Tillery
Douglas R. Sprong
KOREIN TILLERY LLC
505 North 7th Street,
Suite 3600
St. Louis, MO 63101
Phone: (314) 241-4844
Fax: (314) 241-3525

*Collectively Attorneys for Plaintiffs*
*Bruce Sherman and SRM*